This was an action of assumpsit for goods, wares, and merchandise sold and delivered; and for money laid out, expended and paid, for the use of the defendant.
On the trial of the cause in the Circuit Court, the appellees introduced an account purporting to *Page 402 
be for goods, wares, and merchandise, in which were two items charged thus: —
25th May, 1808, to sundries per David Hughes ..... $ 53 92
To ditto per Thomas Hughes ....................... 2 97 ________ $ 56 89
And proved by David Hughes that the articles in the items mentioned had been sold and delivered by the appellees to him and his brother, and charged to them; and that about one year afterwards, upon the account being presented to them for payment, they went to Erwin to get money from him to pay off the account. Erwin told them he had not money then, but would go to the appellees and have the account charged to himself; and did go with them to the appellees, and directed their account to be charged to him, which was done. The two Hughes worked for Erwin both before and after that time, for which Erwin was indebted to them; and the night after the account was so charged to Erwin, he took up the account the Hughes had on him, and charged them with the amount he was to pay the appellees. Some time afterwards, on a settlement, the Hughes allowed Erwin a credit for the amount of the account.
The only material question was whether the foregoing promise and assumpsit on the part of Erwin, was not within the statute of frauds and perjuries? The Circuit Court determined that it was not; from which decision Erwin appealed to this Court.
Hayes and Cooke, for the appellees, contended that the undertaking on the part of Erwin, was not simply to pay the debt of another. He had promised to pay the appellees the amount of Hughes' account; in consideration of which, Hughes had got a credit in the books of the appellees, and had given Erwin a credit upon a settlement for the amount assumed by him to Waggoman and Sullivan. It was nothing more than paying a debt for Erwin at his request, and for which *Page 403 
he ought to be liable. 3 T. R. 180; 1 H. Bl. 239.
Whiteside and Trimble, for the appellant, said it did not appear that Waggoman and Sullivan had actually paid anything; and for aught that exhibited itself in the record, Hughes was still liable to them. It could, therefore, amount to nothing but this: Hughes owed the appellees a mercantile account, and Erwin promised that he would pay it without giving any writing evidencing such a promise.
The credit was not given to Erwin, but to Hughes, because the account had been created at least a year before Erwin promised to pay it. It was literally an undertaking for the debt of another.
This is an action of assumpsit upon a book account, in which two items are for goods sold and delivered to two men by name of Hughes.
We are of opinion that these items are within the statute of frauds and perjuries, passed in 1801. They are certainly within the words of it, and appear also within the meaning. If we begin to except cases out of the statute, which fall within the words and mischiefs of it, we might as well repeal it. The English Courts excepted cases out of the statute until they had considerably departed from it, but in more modern times they are retracing their steps, and confining themselves to the words. We had better keep within the fair meaning of ours at the commencement.
The judgment must, therefore, be reversed.
NOTE. — Mr. Meigs, in his Digest, page 540, makes the following comment on this case: "This case must have proceeded upon the ground that the purchasers were still bound, and, consequently, that the promise was collateral. But what case of subsequent ratification would avail, if this would not ?" — ED.